**HURRICANE CASE**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

DIVISION

| | | |
|---|---|---|
| LUCILLE SMITH | | Civil No. |
| Complainant | * | |
| | * | |
| VS. | * | Judge |
| XYZ INSURANCE COMPANY | * | Magistrate Judge |
| Defendant | * | |

*************************************************************************

**COMPLAINT FOR DAMAGES**

NOW INTO THE COURT, through undersigned counsel, comes Complainant LUCILLE SMITH and files her Complaint For Damages against XYZ INSURANCE COMPANY who will respectfully represent that:

**PARTIES**

1.

Made Plaintiff herein LUCILLE SMITH ("Complainant") is a resident of and domiciled in Calcasieu Parish, Louisiana, with respect represents the following:

2.

Made Defendants herein XYZ INSURANCE COMPANY a fictitious name used to represent an actual insurance company, authorized to do and doing business in the State of Louisiana.

II.

**JURISDICTION AND VENUE**

3.

Jurisdiction is proper in this Honorable Court pursuant to 28 USC § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional

amount.

4.

Venue is proper in this Honorable Court pursuant to 28 USC §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District. Complainant resides in this District and the property that is the subject to the dispute between Complainant and Defendant are located in this District.

5.

Defendant is justly and truly indebted and obligated unto "Complainant," Complainant herein, for the reasons and amounts hereafter set forth with particularity.

III.

**RELEVANT FACTS**

6.

Complainant herein is the owner of immovable property located in Lake Charles, Calcasieu Parish, Louisiana 70601, which was insured against homeowner's and Flood policies by Defendant XYZ INSURANCE COMPANY.

7.

Complainant Smith's residential dwelling, contents and appurtenant structures were severely damaged by Hurricane Laura on August 27, 2020 and/or Hurricane Delta on October 9, 2020, in Lake Charles, Louisiana causing severe damage to the property.

8.

Defendant XYZ INSURANCE COMPANY issued a homeowner's policy and/or flood policy that insured the "Complainant" property from August 27, 2020- October 2020.

9.

The Policies covered the "Property" against specifically named perils, including hurricanes, wind, excessive rain flood and hailstorms.

10.

On certain date, a claims adjuster for Defendant, XYZ INSURANCE COMPANY inspected the property for hurricanes Laura and/or Delta damage.

11.

Upon information and belief, hurricane Laura and/or Delta made landfall in the Lake Charles area causing additional damages to LUCILLE SMITH's property. Complainant LUCILLE SMITH filed a new claim for hurricane Delta and/or Laura's.

12.

Upon information and belief, LUCILLE SMITH'S hired a licensed Louisiana Engineer, to provide a detailed report of the damages caused by the recent hurricanes.

13.

On a certain date, LUCILLE SMITH was provided a copy of their findings.

14.

In response, Defendant LUCILLE SMITH hired an Engineering Company to conduct a detailed inspection of the property.

15.

Upon information and belief, LUCILLE SMITH, on a certain date, requested a copy of the claim file documents pursuant to La. RS 22:41(14). Demand Refused.

16.

Finally**,** on a certain date, months after Hurricane Laura and/or Delta, Defendant XYZ INSURANCE COMPANY inspected the property for additional damages caused by Hurricane Laura and/or Delta.

17.

Upon information and belief, LUCILLE SMITH provided Defendant XYZ Insurance with a scope and photos of the damages claimed. These reports and inspection provided to Defendant constituted satisfactory proof of loss, as the term used in conjunction with Louisiana's bad faith statutes, La RS §§§ 22:1892, 22:1893, and 22:1973.

18.

Upon information and belief, Defendant XYZ INSURANCE COMPANY failure to timely and adequately compensate LUCILLE SMITH for her loss after receiving satisfactory proof

of loss, was arbitrary, capricious, and without probable cause.

19.

Defendant, XYZ INSURANCE COMPANY purposely and/or negligently misrepresented the terms and conditions of the Policy.

20.

Defendant, XYZ INSURANCE COMPANY conducted the investigation and claims handling for LUCILLE SMITH 's claims in bad faith, pursuant to La RS §§§ 22:1892, 22:1893, and 22:1973.

21.

Upon information and belief, Defendant XYZ INSURANCE COMPANY willfully and purposely accepted the Laura and/and Delta damages claimed by its vendor but denied any Laura and/or Delta damages claimed by LUCILLE SMITH.

22.

Upon information and belief, Defendant XYZ INSURANCE COMPANY purposefully and or/negligently failed to include the damage to the exterior despite the damages being acknowledged by inspectors.

23.

Upon information and belief, Defendant XYZ Insurance Company failed to adequately compensate LUCILLE SMITH for the damages to her personal property.

1. **CAUSES OF ACTION**

A. **Breach of Insurance Contract**

24.

LUCILLE SMITH realleges and re-avers the allegations contained in paragraphs 1-23, above, as if restated herein.

25.

An insurance contract, the "Policy," exists between LUCILLE SMITH and XYZ Insurance Company.

26.

The "Policy" provides coverage for perils, including hurricanes and Severe thunderstorm caused flooding.

27.

Despite having received satisfactory proof of loss for damages caused by the covered perils, Defendant XYZ Insurance Company, failed to timely tender adequate insurance proceeds as required by the "Policy."

28.

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of loss from the insured, Defendant, XYZ Insurance Company breached the "Policy."

29.

By intentionally and/or negligently misrepresenting to "Policy" the terms and conditions of the "Policy."

30.

By intentionally and purposely not including visible damages to the "Property," Defendant XYZ Insurance breached the "Policy."

31.

By refusing to conduct a timely investigation of the LUCILLE SMITH, Hurricane Laura and/or Delta claim in good faith and fair dealing. Defendant XYZ Insurance Company breached the Policy.

32.

LUCILLE SMITH has suffered and continues to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

33.

LUCILLE SMITH realleges and re-avers the allegations contained in Paragraphs 1-32, above, as if restated herein.

34.

The actions and/or inactions of Defendant XYZ INSURANCE COMPANY in failing to timely and adequately compensate LUCILLE SMITH for the covered losses under the

"Policy" were arbitrary, capricious, and without probable cause-as those terms are used in conjunction with La. RS §§ 22:1892 and 22:1973, making Defendant XYZ Insurance Company liable for statutory bad faith penalties.

35.

Under La. RS §22:1973, an insurer owes a duty of good faith and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly, failing to pay a claim in a manner arbitrary, capricious, or without probable cause violates La. RS §22:1973.

36.

Failing to pay the amount of any claim due to any person insured by the contract within 60 days after receipt of satisfactory proof of loss from a claimant when such failure is arbitrary, capricious, or without "probable cause," is considered "bad faith" and violates La. RS §22:1973

37.

La. RS §22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within (30) days.

38.

Defendant XYZ Insurance Company is in violation of La. RS §§22:1973 and 22:1892 for failing to provide LUCILLE SMITH adequate payment in connection with her Wind/Hail claims during Hurricane Laura and/or Delta and Severe Thunderstorm despite having received satisfactory proof of loss from the insured and following their own inspections of the property.

39.

Defendant XYZ Insurance Company 's misrepresentation of the relevant facts and/or the terms of the Policy were in bad faith.

### C. Negligent Infliction of Emotional Distress

40.

Defendant XYZ Insurance Company issued insurance policies with the knowledge that the contracts did not provide any relief for the loss of income or revenue.

41.

Defendant XYZ Insurance Company Accepted the damages submitted by its vendor

6

for Hurricane Laura and/or Delta only to deny any damages submitted by SHELIA FRANKLIN causing LUCILLE SMITH to suffer severe emotional distress including but not limited to sleepless nights and rents.

42.

Defendant XYZ INSURANCE COMPANY refusal to provide claim file documents as required under La. RS 22:41(14) can only be described as an intentional attempt to cause LUCILLE SMITH undue financial burden and stress.

43.

Complainant requests a Trial by Jury.

WHEREFORE, Complainant prays that after due proceedings and legal delays, there be a judgment herein in favor of Complainant, and against Defendant XYZ Insurance Company for all actual damages, general damages, and special damages, including general, special, and punitive damages under La. RS. §22:1892 and 22:1973, together with legal interest from the date of the judicial demand, and all costs of these proceedings.

44.

COMPLAINANT FURTHER PRAYS, for all orders and decrees necessary in the premises for full, general, and equitable relief.

Respectfully Submitted,

_____

Harry Cantrell, Jr.
Cantrell Law Group, LLC
1615 Poydras Steet, Suite 900
New Orleans, LA 70112