UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **LUCILLE SMITH** | **CASE NO. 2:22-CV-04937** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **ALLSTATE INSURANCE CO** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is a Motion to Dismiss [doc. 20] filed by defendant Allstate Insurance Company under Federal Rule of Civil Procedure 12(b)(6). The motion is regarded as unopposed.

## I.
### BACKGROUND

This suit arises from alleged damage to plaintiff's home in Hurricane Laura, which made landfall on August 27, 2020, and Hurricane Delta, which made landfall on October 9, 2020. At all relevant times the home was insured under a policy issued by defendant. Plaintiff filed suit against "XYZ Insurance Company" in this court on August 26, 2022, raising claims of breach of contract, bad faith, and negligent infliction of emotional distress under Louisiana law. Doc. 1. On October 11, 2022, she moved for leave to amend the complaint and substitute Allstate as her insurer. Doc. 6. That first attempt was marked as deficient and corrected on October 14, 2022. Doc. 10. Allstate was served through the Louisiana Secretary of State on October 26, 2022. Doc. 14.

Allstate has answered the amended complaint, admitting that it issued a homeowner's policy to plaintiff that was in effect at the time of the storms. Doc. 19. It now moves to dismiss all of plaintiff's claims as prescribed. Doc. 20. There it points to the following endorsement in its policy:

> **Suits Against Us**
> Any suit or action must be brought within 24 months after the inception of loss or damage.

Doc. 20, att. 5, p. 64. Accordingly, it maintains, all of plaintiff's claims have prescribed due to her failure to add Allstate as a party by October 9, 2020. Doc. 20, att. 1. Plaintiff filed an opposition, which was stricken due to her failure to abide by Local Rules. The motion is thus regarded as unopposed.

## II.
## LAW & APPLICATION

### A. Legal Standards

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment after the pleadings are closed but early enough so as not to delay trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "designed to dispose of cases where material facts are not in dispute and judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002). The court limits its inquiry to the complaint, documents attached to or incorporated into the complaint, and documents referenced in the complaint that are central to the plaintiff's claims. *Coalition for an Airline Passengers' Bill of Rights*

*v. Delta Air Lines, Inc.*, 693 F.Supp.2d 667, 675–76 (S.D. Tex. 2010) (citing *Scanlan v. Tex. A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003)).

A Rule 12(c) motion is decided based on the same standards as a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Rule 12(b)(6) allows for dismissal of a claim when a plaintiff "fail[s] to state a claim upon which relief can be granted." Accordingly, the court "accept[s] all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). "[T]he plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

    **B. Application**

A federal court sitting in diversity jurisdiction applies state substantive law, including "state statutes of limitations and related state law governing tolling of the limitation period." *Hensgens v. Deere & Co.*, 869 F.2d 879, 880 (5th Cir. 1989). Under Louisiana law, the prescriptive period for personal actions, including actions on a contract, is ten years. La. Civ. Code art. 3499. Bad faith claims are likewise subject to this ten-year prescriptive period because they are "an outgrowth of the contractual and fiduciary relationship between the insured and the insurer, and the duty of good faith and fair dealing

emanates from the contract between the parties." *Smith v. Citadel Ins. Co.*, 285 So.3d 1062, 1069 (La. 2019).

Under Louisiana law, parties may shorten a prescriptive period by contract. *E.g.*, *La. Health Serv. & Indem. Co. v. McNamara*, 561 So.2d 712, 719 (La. 1990). Such an agreement is valid as long as it does not violate a statute or public policy. *Mansfield Rd., LLC v. Great Am. Ins. Co. of N.Y.*, 2022 WL 16857018, at *3 (W.D. La. Nov. 10, 2022) (citing *Noland v. Sun Life Assurance Co. of Canada*, 2001 WL 360775, at *1 (5th Cir. 2001)). Louisiana law also provides that parties to an insurance contract may not limit the prescriptive period for filing first-party claims to a period shorter than 24 months. La. Rev. Stat. 22:868(B).

As this court has repeatedly held, a complaint naming a fictitious defendant does not interrupt prescription under Louisiana law. *Hill v. Shell Oil Co.*, 760 So. 2d 511 (La. App. 5th Cir. 2000). Additionally, an amended petition substituting a real party for a "John Doe" does not relate back to the date of the original filing under Rule 15(c). *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir.1998). The limitations period in Allstate's policy is valid as to the contract claims under Louisiana law. The amended petition, filed over two years after Hurricane Delta, thus failed to save plaintiff's claims for breach of contract before they prescribed.

This court has held that such contractual limitations provisions do not apply to bad faith claims, which are subject to a ten-year prescriptive period not modified by limitations within the contract itself. *Accord My Investments, LLC v. Liberty Surplus Ins. Corp.*, 2021 WL 4844739 (La. Ct. App. 1st Cir. 2021). But the court can find no basis under which

Allstate could be liable for bad faith or negligent infliction of emotional distress for Allstate's failure to adjust the claim, since plaintiff apparently did not know the identity of her insurer until she began her attempts to file suit two years post-storm.[1] Accordingly, on the face of the pleadings there is no merit to any of plaintiff's claims.

### III.
#### CONCLUSION

For the reasons stated above, the Motion to Dismiss [doc. 20] will be **GRANTED** and all claims in this matter will be **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** in Chambers on the 24th day of October, 2023.

JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Allstate has submitted evidence suggesting plaintiff submitted a claim, which was closed in December 2020, and that the only activity thereafter was a request for all file materials by plaintiff's counsel in February 2021. This evidence is outside the scope of the court's review on a Rule 12(b)(3) or (6) motion, and the court declines to convert the matter into a motion for summary judgment. Even if the court were to consider the evidence, however, the fact that plaintiff's counsel briefly wrote to Allstate two months after her claim was closed, without any attached proof of loss, and then filed suit against a fictitious party 18 months later also provides no basis for the court to find that Allstate refused to adjust the claim.